# ANDERSON KILL P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

Jeffrey E. Glen, Esq.
jglen@andersonkill.com
212-278-1009

**Via ECF**                                                                                           March 12, 2019

The Honorable Debra Freeman
United States District Court
Southern District of New York
500 Pearl Street, Room 1660
New York, NY 10007

      Re:    *Raptor Trading Sys., Inc. v. Beth, et al.*, No. 1:16-cv-3430-RA-DCF
            *Wallach, et al., v. Lardos, et al.*, No. 1:16-cv-5392-RA-DCF

Dear Judge Freeman:

      This firm represents Plaintiff Raptor Trading Systems, Inc. ("Raptor") and Defendants Theodoros Lardos ("Lardos"), Mark Hinman ("Hinman"), Nelson Ignacio ("Ignacio"), and Alejandro Gil ("Gil") (collectively, "Raptor") in the above-referenced actions. Raptor writes with the consent of counsel for Michael Wallach and David Beth in a response to an informal telephonic request by Your Honor's Chambers to assist with any further settlement discussions and to inquire about expert discovery in the actions.

      The parties thank Your Honor for the offer to assist with settlement discussions, but respectfully decline. While the parties may request Your Honor's assistance with settlement at a later time, at this point, they anticipate the filing of motions for summary judgment on liability in both actions, subject to the resolution of the Federal Rule of Civil Procedure 72 objections pending before Judge Abrams with regard to Your Honor's April 6, 2018 discovery order.

      Regarding Your Honor's inquiry as to the status of expert discovery, the parties agree that it is open to either side, but neither side has begun taking it in view of the discovery motion practice before Your Honor and before Judge Abrams and the anticipated summary judgment motions. Expert discovery will focus on damages, and the parties do not believe that expert discovery and other damages discovery would be an efficient use of their resources given that the anticipated summary judgment motions will inform the extent of necessary damages discovery. The parties reserve all of their rights to take expert and other damages discovery after the anticipated summary judgment motions are decided.

Respectfully submitted,

Jeffrey E. Glen

Cc:    All counsel

New York, NY ■ Los Angeles, CA ■ Stamford, CT ■ Washington, DC ■ Newark, NJ ■ Philadelphia, PA
docs-100096530.1