# O'Hare Parnagian LLP

20 Vesey Street, Suite 300
New York, NY 10007
(212) 425-1401
Fax: (212) 425-1421
www.oharepaparnagian.com

Westchester Office
700 White Plains Road, Suite 255
Scarsdale, NY 10583-5013
(914) 725-3632
Fax: (914) 725-3639

April 15, 2019

**Via ECF and By Hand**

The Honorable Debra Freeman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:   *Raptor Trading Systems, Inc. ("Raptor") v. David Beth, et al.*,
              No. 16-CV-3430 (RA) (Related Case: No. 16-CV-5392 (RA))

Dear Judge Freeman:

      We represent Defendants David Beth and Michael Wallach in the above-referenced action. Pursuant to Fed. R. Civ. P. 15(a)(2), Wallach and Beth respectfully request leave to amend their counterclaims to clarify the relief being sought in the First Counterclaim.[1] A redline showing the proposed changes to the current Amended Counterclaims and Answer to Second Amended Complaint is annexed hereto as Exhibit 1.[2]

      As discussed below, Raptor can claim no prejudice whatsoever associated with this amendment, no additional discovery will be needed, and no delay will result from the amendment.

      The First Counterclaim currently seeks reformation of the parties' February 17, 2015 Put/Call Agreement based on a scrivener's error that caused the definition of "Call Price" in the agreement to be only one-fourth of the price that the parties' agreed upon. Specifically, the parties agreed that the Call Price would be "eight percent (8%) of four times the gross revenues of Raptor in the year immediately prior to the Call Date," but the words "four times" were omitted from the definition due to the scrivener's error. As the Court will recall, Raptor sought to wrongfully exploit the erroneous Call Price by exercising its Call Option in the context of a sale to a third party to the detriment of Wallach and Beth and brought this action seeking a

---

[1] This request is being submitted as a letter motion pursuant to Rule I.C. of Your Honor's Individual Practices because Wallach and Beth believe that a formal motion and full briefing is not necessary.

[2] Raptor has not consented to the proposed amendment to the First Counterclaim, but has consented to the other proposed changes in the attached redline, which allege further and continuing defaults by Raptor for failure to pay principal, interest, and late payment interest under its $2.14 million Promissory Note in favor of Wallach and Beth.

O'Hare Parnagian LLP

The Honorable Debra Freeman
April 15, 2019
Page 2

declaration that it had effectively exercised its Call Option and an injunction directing Wallach and Beth to tender their Raptor shares to Raptor.

In particular, the First Counterclaim presently seeks to reform the Put/Call Agreement to reflect the parties' agreement by including "four times" in the definition of Call Price. As Raptor knows, this reformation reflects the true intention of the parties. Wallach and Beth seek to amend the First Counterclaim simply to clarify that, to the extent that the Put/Call Agreement is reformed, Raptor is liable for breach of the reformed agreement. As set forth below, there is no factual, legal, equitable, or other basis to refuse to permit the amendment.

Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." The party opposing the amendment "bears the burden of 'of demonstrating that substantial prejudice would result were the proposed amendment to be granted." Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., Inc., No. 15-CV-211 (LGS) (RLE), 2016 WL 5338550, at *4 (S.D.N.Y. Sept. 23, 2016) (brackets omitted).

Here, the proposed amendment merely seeks to clarify Wallach and Beth's position in this case since inception that, as reformed, the Put/Call Agreement is an enforceable contract and that Raptor breached it by failing to pay the true amount of the Call Price. The crux of the proposed amendment is as follows:

> "Furthermore, in the event that the Put/Call Agreement is reformed as requested herein, it is an enforceable contract and Raptor breached the Put/Call Agreement by purporting to exercise the Call Option for $1,088,608.96, when the actual Call Price is $4,354,435.84."

Proposed Amendment (Exhibit 1) ¶ 101.

Raptor can claim no prejudice whatsoever from this amendment.

It is undisputed that Raptor has known all the facts underlying the counterclaim – the same facts underlying its own complaint – which the parties have been litigating since the commencement of the case. See Espey v. Rice, No. 16-CV-6421, 2019 WL 1128779, at *2 (W.D.N.Y. Mar. 12, 2019) (granting leave to amend answer to add affirmative defense even when action had been pending for several years when "plaintiff has known of defendants' position regarding plaintiff's exhaustion of administrative remedies since the time when defendants filed their original answer" and "it appears that the parties will not need to conduct additional discovery on the issue of plaintiff's exhaustion of administrative remedies"); Syntel, 2016 WL 5338550, at *4 (granting leave to amend counterclaims when "the Court does not find that it will cause [plaintiff] substantial prejudice because Defendants' existing counterclaims are closely related to the proposed amendments and were foreshadowed in earlier pleadings, argument, and subsumed within prior discovery") (internal quotation marks omitted).

O'Hare Parnagian LLP

The Honorable Debra Freeman
April 15, 2019
Page 3

   Indeed, the proposed amendment is the flip side of Raptor's own complaint, in which Raptor claims that Wallach and Beth breached the Put/Call Agreement and must tender their shares in exchange for only $1,088,608.96, i.e., not for $4,354,435.84. Conversely, Wallach and Beth have always adamantly maintained that Raptor owes them the remaining $3,265,826.88 difference of the $4,354,435.84 Call Price.

   In fact, Raptor is on express notice in that Wallach and Beth's Initial Disclosures explicitly state their position and set forth the exact damages resulting from the breach of the reformed contract:

> "The monetary damages claimed by Wallach and Beth, exclusive of prejudgment interest, include the following:
>
> a. <u>$3,265,826.88 for the difference between the purported Call Price paid by Raptor and the actual Call Price that should have been paid by Raptor</u>."

Initial Disclosures (annexed hereto as Exhibit 2), Item 3(a) (emphasis added).

   Importantly, no additional discovery whatsoever will be required due to the amendment, and the amendment will not result in any delay in the case. <u>See</u> <u>Collins v. Doe</u>, 597 F. App'x 34, 34 (2d Cir. 2015) (affirming grant of leave to amend answer when plaintiff "has not shown that granting [defendants] leave to amend their answer required him to expend significant additional resources to conduct discovery and prepare for trial" or "significantly delayed resolution of the case.") (internal quotation marks omitted); <u>Espey</u>, 2019 WL 1128779, at *2; <u>Syntel</u>, 2016 WL 5338550, at *4.[3]

   Purportedly, Raptor only refuses to consent to the amendment because Raptor claims it would allow Wallach and Beth to seek attorneys' fees under the parties' agreements. And, Raptor has suggested that it would consider consenting to the amendment if Wallach and Beth would stipulate to forego legal fees for breach of the reformed Put/Call Agreement. First, this is not a valid basis to refuse to consent, and, second, Wallach and Beth are already seeking such fees in their current Seventh Counterclaim:

> "<u>Raptor's conduct described herein constitutes defaults under the Put/Call Agreement</u>, the Stockholders Agreement, and the Promissory Note, and thus constitutes one or more events of default as defined in Section (i)(a) of the Promissory Note.

---

[3] The court in <u>Syntel</u> granted leave to amend even when – unlike here – "some additional discovery will likely be required." <u>Syntel</u>, 2016 WL 5338550, at *4.

O'Hare Parnagian llp

The Honorable Debra Freeman
April 15, 2019
Page 4

>      Accordingly, <u>pursuant to Section (j) of the Promissory Note, Raptor must pay any and all reasonable costs, fees and expenses, including Wallach and Beth's reasonable attorneys' fees, that Wallach and Beth in any way incur in connection with exercising or enforcing their rights or remedies under the Put/Call Agreement</u>, the Stockholders Agreement, and/or the Promissory Note."

<u>See</u> Ex. 1 ¶¶ 138-39 (showing paragraphs unchanged from operative counterclaims) (emphasis added).

Thus, there is thus no factual, legal, equitable, or other basis to refuse to permit the amendment of the First Counterclaim. Accordingly, Wallach and Beth respectfully request that the Court grant them leave to amend as reflected in Exhibit 1.

>      Respectfully,
>
>      *s/Robert A. O'Hare Jr.*
>
>      Robert A. O'Hare Jr.

cc:   Counsel of Record (via ECF)