# ANDERSON KILL P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

Jeffrey E. Glen, Esq.
jglen@andersonkill.com
212-278-1009

**Via ECF & Hand Delivery**                                                      April 19, 2019

The Honorable Debra Freeman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *Raptor Trading Sys., Inc. v. Beth, et al.*, No. 1:16-cv-3430-RA-DCF

Dear Magistrate Judge Freeman:

    This firm represents Plaintiff Raptor Trading Systems, Inc. ("Raptor") in the above-referenced action. Raptor respectfully submits this letter brief in opposition to Defendants Michael Wallach and David Beth's (collectively, "Wallach and Beth") Letter Motion for Leave to File Amended Counterclaims (the "Motion to Amend," ECF No. 85).

    Wallach and Beth ask this Court for permission to add *an entirely new counterclaim and theory of liability* based on an alleged breach of contract, which seeks over $3 million in monetary damages that Wallach and Beth *never pleaded in its answer or counterclaims* (the "Proposed Counterclaim"). The Motion to Amend comes nearly three years after this action was filed, over two years after Judge Abrams held the post-fact discovery status conference, and over a year and a half after the parties completed all fact discovery (with the exception of Wallach and Beth's pending objection to Your Honor's April 6, 2018 discovery Order).

    The Motion to Amend should be denied. *First*, the Proposed Counterclaim, which is based on Raptor's optional decision to exercise its "Call Option" under the "Put/Call Agreement," is not legally cognizable, and in any event, fails to raise triable issues of fact, and therefore should be dismissed as futile. *Second*, the Proposed Counterclaim will unduly prejudice Raptor and cause significant delay because Raptor may need to conduct additional discovery regarding an entirely new breach of contract claim, which in turn will further delay Raptor's planned motion for summary judgment. *Third*, the Motion to Amend is unduly late.

## I.    BACKGROUND

###     A.    Factual Background

    This case is straightforward. Raptor seeks a declaration that is has properly exercised a "Call Option" pursuant to a "Put/Call Agreement" between Raptor, on the one hand, and Wallach and Beth, on the other. In February 2015, Raptor entered into a merger transaction where it purchased from Wallach and Beth a company known as OMEX Systems, Inc.

New York, NY ■ Los Angeles, CA ■ Stamford, CT ■ Washington, DC ■ Newark, NJ ■ Philadelphia, PA

Anderson Kill P.C.

April 19, 2019
Page 2

("OMEX"). (*See generally* Ex. A, Second Am. Compl.)[1] As part of the consideration for the sale, Wallach and Beth received shares of non-voting Raptor stock. (*See id.* ¶¶ 5, 15.) The stock is subject to the Put/Call Agreement. (Ex. B, Put/Call Agreement.) Under that agreement, Raptor has a "Call Option," which gives Raptor *the option but does not require Raptor to* repurchase the stock at a "Call Price" of "eight percent (8%) of the gross revenues of Raptor in the year immediately prior to the Call Date." (*Id.* § 1.2.) In March 2016, Raptor exercised its Call Option by sending a written "Call Notice" pursuant to the Put/Call Agreement and wiring $1,088,608.96 to Wallach and Beth. (Ex. A ¶ 4; *see also* Ex. B § 1.2.)

In March 2016, by letter from their attorneys, Wallach and Beth denied that Raptor effectively exercised the Call Option, claiming that the Call Price is not governed by the Put/Call Agreement that Wallach and Beth signed at the closing of the merger transaction while represented by counsel, but instead is governed by a term sheet that the parties signed in December 2014, which was several months before the merger transaction was finalized and the Put/Call Agreement was signed. (Ex. A, ¶ 6.) Wallach and Beth refused to deliver the stock.

**B.     Procedural History**

Because Wallach and Beth refused to deliver the stock, Raptor commenced this action on May 9, 2016 seeking: (1) a declaration that Raptor effectively exercised the Call Option; and (2) an injunction requiring Wallach and Beth to deliver the stock. (*See* ECF No. 1, Compl.)

On June 24, 2016, Wallach and Beth filed an answer and asserted a counterclaim seeking reformation to correct a purported scrivener's error regarding the calculation of the Call Price in the Put/Call Agreement. (*See* ECF No. 10, Countercls. & Ans.) Wallach and Beth also alleged counterclaims for breach of contract with respect to a "Stockholders Agreement" and "Promissory Note" that also were part of the Raptor-OMEX merger transaction. Wallach and Beth also asserted a counterclaim alleging violations of Sections 2-512 and 2-513 of the Maryland Corporations and Associations Code. In June 2017, with Raptor's consent, Wallach and Beth filed amended counterclaims. (*See* ECF No. 53, Am. Countercls. & Ans.)

The parties engaged in fact discovery, including document exchange and depositions of all fact witnesses, which included Wallach and Beth and their deal attorneys and Raptor's three principals and general counsel. On May 3, 2017, Judge Abrams held a post-fact discovery status conference. Following the conference, the parties filed a joint letter to Judge Abrams on May 5, 2017, advising the Court that two discovery disputes remained, which concerned: (1) Wallach and Beth's request for the production of an electronic portal set up for due diligence in connection with a then-potential third-party purchase of Raptor; and (2) a privilege/work product dispute concerning Raptor documents. (*See* ECF No. 48, May 5, 2017 Joint Letter.)

The parties resolved the portal dispute (*see* ECF No. 55, Sept. 14, 2017 Letter) and filed a joint letter to Your Honor on September 20, 2017, advising the Court that the privilege/work product dispute was a remaining discovery dispute, (*see* Ex. C, Sept. 20, 2017 Joint Letter).

---

[1] Exhibits are attached to the Declaration of Raymond A. Mascia, Jr., dated April 19, 2019.

In that letter, the parties also informed Your Honor that they agreed that Raptor may move for summary judgment once the Court resolved the outstanding privilege dispute. (*Id.*) By electronic Order dated April 6, 2018, Your Honor decided the outstanding privilege/work product dispute. (ECF No. 68.) On May 4, 2018, Wallach and Beth filed objections to Your Honor's Order, which are pending before Judge Abrams. (ECF No. 72, Objs.)

Thus, after Judge Abrams decides the pending objections, pursuant to the parties' agreement, Raptor intends to file a summary judgment motion, which may resolve important issues in this case. Wallach and Beth jeopardize that by asking permission to add an entirely new counterclaim for breach of contract based on Raptor's decision to exercise its Call Option. The Proposed Counterclaim is contingent on the Court granting Wallach and Beth's reformation counterclaim and alleges that Raptor breached the Put/Call Agreement "by purporting to exercise the Call Option for $1,088,608.96, when the actual Call Price is $4,354,435.84." (ECF No. 85-1, Proposed Amend., ¶ 101.) The Proposed Counterclaim seeks over $3 million in compensatory damages that Wallach and Beth *never pleaded in its answer or counterclaims*.[2]

## II. ARGUMENT

### A. Legal Standard

" . . . [I]t is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir 2007). "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Id.*

### B. The Proposed Counterclaim Is Not Legally Cognizable, and in Any Event, Fails to Raise Triable Issues of Fact, and Therefore Is Futile.

The Motion to Amend should be denied because the Proposed Counterclaim is futile.[3] "Futility is a determination, as a matter of law, that proposed amendments would fail . . . to state a claim under Rule 12(b)(6)." *River Light V, L.P. v. Lin & J Int'l Inc.*, No. 13-CV-3669, 2014 U.S. Dist. LEXIS 86015, at *5-6 (S.D.N.Y. June 24, 2014) (internal quotation marks and citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at *6 (internal quotation marks and citation omitted). "Leave to amend may be denied on grounds of futility if the proposed amendment fails to state a legally cognizable claim or fails to raise triable issues of fact." *AEP Energy Servs. Gas Hold. Co. v. Bank of Am.*, *N.A.*, 626 F.3d 699, 726 (2d Cir 2010).

---

[2] Wallach and Beth also seek to add factual allegations to their counterclaim for breach of the Promissory Note. Raptor disagrees with the allegations but consents to those amendments.

[3] Wallach and Beth argue that "Raptor only refuses to consent to the amendment because Raptor claims it would allow Wallach and Beth to seek attorneys' fees under the parties' agreements." (Mot. at 3.) This is incorrect. Raptor explained that the Proposed Counterclaim was futile and that Raptor thought Wallach and Beth only sought to add such a claim to seek attorneys' fees.

**Anderson Kill P.C.**

April 19, 2019
Page 4

      Here, the Proposed Counterclaim for breach of the Put/Call Agreement is not legally cognizable.  The Proposed Counterclaim alleges that: "in the event that the Put/Call Agreement is reformed as requested herein, it is an enforceable contract and Raptor breached the Put/Call Agreement by purporting to exercise the Call Option for $1,088,608.96, when the actual Call Price is $4,354,435.84."  (ECF No. 85-1, Proposed Amend., ¶ 103.)

      However, even if the Court reforms the Put/Call Agreement, that would make Raptor's exercise of the Call Option ineffective.  It would not mean that Raptor must make a Call Option.  Indeed, the Put/Call Agreement *does not require Raptor to exercise a Call Option; it provides an **option**.  (See generally* Ex. B.)  Thus, even if the Court reformed the Put/Call Agreement, Raptor has no obligation to make a Call Option – a key element to a breach of contract claim.  *See Macsherry v. Sparrows Point, LLC*, No. ELH-15-CV-0012, 2017 U.S. Dist. LEXIS 122153, at *45 (D. Md. Aug. 3, 2017).  Accordingly, Wallach and Beth cannot state a legally cognizable breach of contract claim, and the Motion to Amend therefore must be denied.

      Moreover, even if it was legally cognizable, the Proposed Counterclaim fails to raise a triable issue of fact because, contrary to the Proposed Counterclaim, Wallach and Beth, by their own admissions, have not "fully performed under the Put/Call Agreement," as they now allege in the Proposed Counterclaim.  (ECF No. 85-1, Proposed Amend., ¶ 102.)  Rather, both Wallach and Beth testified at their depositions that they have *retained both the Class D shares and the $1,088,608.96 paid to them by Raptor*.  (*See* Ex. D, Beth Dep. Tr., at 20:22-21:5, 73:15-24, 74:22-25; Ex. E, Wallach Dep. Tr., at 107:10-24.)  Accordingly, the Proposed Counterclaim fails to raise a triable issue of fact as to the element of Wallach and Beth's performance under the Put/Call Agreement – also a key element to a breach of contract claim.  *See Collins/Snoops Assoc. v. CJF, LLC*, 190 Md. App. 146, 161 (Ct. Spec. App. 2010).

      In sum, Wallach and Beth cannot state a legally cognizable breach of contract claim nor can they raise triable issues of fact with respect their performance under the Put/Call Agreement.

      **C.    The Proposed Counterclaim Will Prejudice Raptor and Delay the Filing of Raptor's Summary Judgment Motion.**

      The Proposed Counterclaim also will unduly prejudice Raptor and cause significant delay because Raptor likely will need to conduct additional discovery regarding an entirely new breach of contract claim, which in turn will further delay Raptor's planned motion for summary judgment.  As discussed above, the parties have agreed that Raptor may file a motion for summary judgment after Judge Abrams issues a decision on Wallach and Beth's pending objections to Your Honor's discovery Order.  If Wallach and Beth are permitted to add a new breach of contract claim, Raptor's summary judgment motion may be further delayed.

      Wallach and Beth argue that "no additional discovery will be needed, and no delay will result from the amendment."  (Mot. at 3.)  That is wrong.  For example, Raptor might take discovery as to why Wallach and Beth believe that Raptor has a contractual obligation to correct an ineffective Call Option in the event that the Court reforms the Put/Call Agreement.

**Anderson Kill P.C.**

April 19, 2019
Page 5

In addition, in the Proposed Counterclaim, Wallach and Beth now allege that they "have fully performed under the Put/Call Agreement." (ECF 85-1, Proposed Amend., ¶ 102.) However, as shown above, that proposed amendment directly contradicts Wallach's and Beth's sworn deposition testimony that they have in fact *retained both the $1,088,608.96 call payment and the Class D shares*. Raptor should have the option to explore these contradictory positions and ask Wallach and Beth how they intend to prove that they have fully performed under the Put/Call Agreement. For example, if through additional discovery Raptor learns that, contrary to their position until now in this litigation, Wallach and Beth accepted Raptor's tender of over $1 million as the contracted-for consideration for the call of the Class D shares by both depositing Raptor's wire transfer and using the funds for their own purposes, Raptor may be provided with additional arguments supporting its upcoming summary judgment motion.

### D. The Proposed Counterclaim Is Unduly Late.

Finally, the Motion to Amend should be denied because it is unduly late following the completion of fact discovery and the parties' prior agreement that Raptor would move for summary judgment after Judge Abrams decides the objections to Your Honor's discovery Order.

Wallach and Beth have no excuse for the delay. In fact, in the Motion to Amend, Wallach and Beth admit that they have been aware of the alleged bases for the Proposed Counterclaim at the time they filed their Counterclaims and Answer. (*See* Mot. at 2.) The Proposed Counterclaim is not based on any facts learned in discovery. Wallach and Beth previously amended their Counterclaims and Answer in June 2017. Yet, Wallach and Beth waited until April 2019 to raise the Proposed Counterclaim, just as Raptor is on the cusp of filing its summary judgment motion. This undue delay, combined with the prejudice and delay that will result from the Proposed Counterclaim, warrants denial of the Motion to Amend.

Seeking to excuse its failure to plead a breach of contract claim, Wallach and Beth argue that "Raptor is on express notice in that Wallach and Beth's Initial Disclosures explicitly state their position and set forth the exact damages resulting from the breach of the reformed contract . . . ." (Mot. at 3.) However, the Initial Disclosures do not state that Wallach and Beth asserted a breach of contract claim, and it is undisputed that Wallach and Beth's Counterclaims and Answer never included a breach of contract or a request for compensatory damages for that supposed breach. Had they included such a claim, Raptor could have filed a motion to dismiss or taken discovery specifically directed to the allegations that Wallach and Beth allege now in the Proposed Counterclaim.

The Motion to Amend should be denied.

### III. CONCLUSION

For the foregoing reasons, Raptor respectfully requests that the Court: (1) deny Wallach and Beth's Motion to Amend insofar as it seeks to add the Proposed Counterclaim and related allegations; and (2) grant such other and further relief that the Court deems appropriate and just.

**Anderson Kill P.C.**

April 19, 2019
Page 6

                                                  Respectfully Submitted,

                                                  /s/ Jeffrey E. Glen

                                                  Jeffrey E. Glen

cc:    All Counsel of Record (by ECF only)