UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAPTOR TRADING SYSTEMS, INC., <br><br>          Plaintiff, <br><br> v. <br><br> DAVID BETH and MICHAEL WALLACH, <br><br>          Defendants. | No. 16-CV-3430 (RA) <br> Related Case:  No. 16-CV-5392 (RA) <br><br> **RESPONSE TO SECOND AMENDED COUNTERCLAIMS TO SECOND AMENDED COMPLAINT** |

      Plaintiff Raptor Trading Systems, Inc. ("Raptor") answers the Counterclaims filed by Defendants David Beth ("Beth") and Michael Wallach ("Wallach") (collectively, "Defendants") as follows:

      1.     Denies the allegations in paragraph 1.

      2.     Denies the allegations in paragraph 2.

      3.     Admits the allegations in paragraph 3, but denies that Defendants still are stockholders of Raptor or that they have any of the rights of being stockholders of Raptor because Raptor has effectively exercised the Call Option for the shares of non-voting Class D common stock of Raptor that Defendants received (the "Raptor Shares") pursuant to the Put/Call Agreement constituting Schedule B of a Purchase Agreement dated as of February 17, 2015 (the "Put/Call Agreement").

      4.     Denies the allegations in paragraph 4, except admits that the parties agreed that Raptor would have a call option giving Raptor the right to purchase the Raptor Shares and that the terms of the agreed-upon call option are set forth in the Put/Call Agreement and respectfully refers the Court to the Put/Call Agreement for its terms and contents.

5. Admits the allegations in the first sentence in paragraph 5, denies the allegations in the second sentence in paragraph 5, and respectfully refers the Court to the Put/Call Agreement for its terms and contents.

6. Denies the allegations in paragraph 6.

7. Denies the allegations in paragraph 7.

8. Denies the allegations in paragraph 8, except admits that Raptor has effectively exercised the Call Option under the Put/Call Agreement for the Call Price of $1,088,608.96 and that Defendants therefore are obligated to deliver the Raptor Shares to Raptor.

9. Denies the allegations in paragraph 9.

10. Denies the allegations in paragraph 10, except admits that Defendants' positions as non-voting Class D representatives to Raptor's Board of Directors have terminated pursuant to Section 3 of the Stockholders & Management Agreement dated as of February 17, 2015 (the "Stockholders Agreement"), which provides in relevant part that "[t]he appointment of Wallach or Beth, as the case may be, as a Class D representative . . . automatically terminates upon . . . [t]he cessation of either Wallach or Beth, as the case may be, to be the holder of Class D Stock."

11. Denies the allegations in paragraph 11.

12. Denies the allegations in paragraph 12.

13. Denies the allegations in paragraph 13, except admits that the Stockholders Agreement contains the language quoted in paragraph 13 and respectfully refers the Court to the Stockholders Agreement for its terms and contents.

14. Denies the allegations in paragraph 14.

15. Denies the allegations in paragraph 15.

16. Denies the allegations in paragraph 16.

17. Denies the allegations in paragraph 17 and respectfully refers the Court to the Promissory Note for its terms and conditions.

18. Denies the allegations in paragraph 18, except admits that Raptor is a Maryland corporation.

19. Denies the allegations in paragraph 19, except admits that any rights Defendants may have had under the Stockholders Agreement have terminated pursuant to Section 3 of the Stockholders Agreement.

20. Denies the allegations in paragraph 20.

21. Admits the allegations in paragraph 21.

22. Denies knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence in paragraph 22. Denies the allegations in the second sentence in paragraph 22.

23. Admits the allegations in paragraph 23, but respectfully refers the Court to the written contractual agreements governing the merger transaction referenced in paragraph 23 for a full and accurate recitation of the transaction and its terms.

24. Denies the allegations in paragraph 24, except admits that Defendants received the Raptor Shares, but denies that Defendants still are stockholders of Raptor or that they have any of the rights of being stockholders of Raptor because Raptor has effectively exercised the Call Option for the Raptor Shares pursuant to the Put/Call Agreement.

25. Denies the allegations in paragraph 25 and respectfully refers the Court to the Promissory Note for its terms and contents.

26. Denies the allegations in paragraph 26, except admits that the Promissory Note permits Raptor to defer the first installment payment and instead pay the first installment payment in two equal installments due on the fifth and sixth anniversaries of the closing of the merger transaction, admits that Raptor effectively exercised its right to defer the first installment payment, and respectfully refers the Court to the Promissory Note for its terms and contents.

27. Denies the allegations in paragraph 27, except admits that Defendants had non-voting positions as Class D representatives to Raptor's Board of Directors, but that those positions have terminated pursuant to Section 3 of the Stockholders Agreement.

28. Denies the allegations in paragraph 28.

29. Denies the allegations in paragraph 29.

30. Denies the allegations in paragraph 30.

31. Denies the allegations in paragraph 31.

32. Denies the allegations in paragraph 32 and respectfully refers the Court to the October 31, 2014 e-mail referenced in paragraph 32 for its contents.

33. Denies the allegations in paragraph 33.

34. Denies the allegations in paragraph 34, except admits that the parties entered into a Term Sheet and respectfully refers the Court to the Term Sheet for its terms and contents.

35. Denies the allegations in paragraph 35, except admits that the Term Sheet contains the language quoted in paragraph 35 and respectfully refers the Court to the Term Sheet for its terms and contents.

36. Admits the allegations in paragraph 36.

37. Denies the allegations in paragraph 37.

38. Denies the allegations in paragraph 38.

39. Denies the allegations in paragraph 39, except admits that Defendants agreed that Raptor's Call Option under the Put/Call Agreement would be exercisable immediately upon the close of the merger transaction at any time after February 17, 2015.

40. Denies the allegations in paragraph 40.

41. Denies the allegations in paragraph 41.

42. Denies the allegations in paragraph 42.

43. Denies the allegations in paragraph 43, except admits Raptor effectively exercised the Call Option pursuant to the Put/Call Agreement by delivering a "Call Notice" dated March 17, 2016, and subsequently wiring $1,088,608.86, half to each Defendant's personal banking accounts.

44. Denies the allegations in paragraph 44.

45. Denies the allegations in paragraph 45.

46. Denies the allegations in paragraph 46.

47. Denies the allegations in paragraph 47.

48. Denies the allegations in paragraph 48 and respectfully refers the Court to the Stockholders Agreement for its terms and contents.

49. Denies the allegations in paragraph 49, except admits that Raptor provided Defendants notice of the October 14, 2016 special meeting of the Board of Directors and the Stockholders of Raptor.

50. Denies the allegations in paragraph 50.

51. Denies the allegations in paragraph 51.

52. Denies the allegations in paragraph 52.

53. Denies the allegations in paragraph 53.

54. Denies the allegations in paragraph 54.

55. Denies the allegations in paragraph 55.

56. Denies the allegations in paragraph 56.

57. Denies the allegations in paragraph 57.

58. Denies the allegations in paragraph 58.

59. Denies the allegations in paragraph 59, except admits that Raptor provided Defendants notice of the October 14, 2016 special meeting of the Board of Directors and the Stockholders of Raptor.

60. Denies the allegations in paragraph 60.

61. Denies the allegations in paragraph 61.

62. Denies the allegations in paragraph 62, except admits that Raptor delivered to Defendants a Call Notice dated March 17, 2016 that effectively exercised the Call Option for the Raptor Shares under the Put/Call Agreement and respectfully refers the Court to the Call Notice for its contents.

63. Denies the allegations in paragraph 63, except admits that Raptor provided Defendants notice of the October 14, 2016 special meeting of the Board of Directors and the Stockholders of Raptor.

64. Denies the allegations in paragraph 64, except admits that Raptor has effectively deferred the first installment payment under the Promissory Notice and respectfully refers the Court to the March 16, 2016 letter for its contents.

65. Denies the allegations in paragraph 65.

66. Denies the allegations in paragraph 66.

67. Denies the allegations in paragraph 67 and respectfully refers the Court to the Promissory Note for its terms and contents.

68. Denies the allegations in paragraph 68, except admits that Raptor effectively deferred the first installment payment under the Promissory Note.

69. Denies the allegations in paragraph 69.

70. Denies the allegations in paragraph 70 and respectfully refers the Court to the Promissory Note for its terms and contents.

71. Denies the allegations in paragraph 71.

72. Denies the allegations in paragraph 72 and respectfully refers the Court to the Promissory Note for its terms and contents. To the extent the allegations state legal conclusions, no response is required.

73. Denies the allegations in paragraph 73 and respectfully refers the Court to the Promissory Note for its terms and contents.

74. Denies the allegations in paragraph 74 and respectfully refers the Court to the Promissory Note for its terms and contents, except admits that Raptor has made payment of $42,800.[1] To the extent the allegations state legal conclusions, no response is required.

75. Denies the allegations in paragraph 75 and respectfully refers the Court to the Promissory Note for its terms and contents.

---

[1] Raptor admits that it has made payments totaling $42,800. Raptor respectfully refers the Court to the March 21, 2018 letter and checks referenced in the footnote in the allegations for the contents of the letter and checks. Raptor denies knowledge or information sufficient to form a belief about the truth of the remaining allegations in footnote 1. To the extent the allegations state legal conclusions, no response is required.

76. Denies the allegations in paragraph 76 and respectfully refers the Court to the Promissory Note for its terms and contents. To the extent the allegations state legal conclusions, no response is required.

77. Denies the allegations in paragraph 77 and respectfully refers the Court to the Promissory Note for its terms and contents.

78. Denies the allegations in paragraph 78 and respectfully refers the Court to the Stockholders Agreement for its terms and contents.

79. Admits the allegations in paragraph 79 and respectfully refers the Court to the Stockholders Agreement for its terms and contents.

80. Admits the allegations in paragraph 80.

81. Denies the allegations in paragraph 81.

82. Denies the allegations in paragraph 82.

83. Denies the allegations in paragraph 83.

84. Denies the allegations in paragraph 84, except admits that on or about September 21, 2016, Raptor and the Board called a special meeting of the Board of Directors and Stockholders of Raptor for October 3, 2016, to, *inter alia*, ratify and reissue the Call Notice dated March 17, 2016.

85. Admits the allegations in paragraph 85.

86. Denies the allegations in paragraph 86.

87. Denies the allegations in paragraph 87.

88. Denies the allegations in paragraph 88.

89. Denies the allegations in paragraph 89, except admits that Wallach and Beth failed to attend the October 14, 2016 special meeting of the Board of Directors and the Stockholders of Raptor.

90. Denies the allegations in paragraph 90 and respectfully refers the Court to the Promissory Note for its terms and contents.

91. Admits that the Put/Call Agreement and the Stockholders Agreement are defined under the Merger Agreement as "Transaction Documents" and respectfully refers the Court to the Put/Call Agreement and the Stockholders Agreement for their terms and contents.

92. Denies the allegations in paragraph 92 and respectfully refers the Court to the Promissory Note for its terms and contents.

93. Realleges the contents of the preceding paragraphs as if set forth herein.

94. Denies the allegations in paragraph 94.

95. Denies the allegations in paragraph 95.

96. Denies the allegations in paragraph 96.

97. The allegations contained in paragraph 97 state legal conclusions to which no response is required. If a response is required, Raptor denies the allegations in paragraph 97.

98. Denies the allegations in paragraph 98.

99. Denies the allegations in paragraph 99.

100. Denies the allegations in paragraph 100.

101. Denies the allegations in paragraph 101.

102. Denies the allegations in paragraph 102.

103. Denies the allegations in paragraph 103.

104. Realleges the contents of the preceding paragraphs as if set forth herein.

105. Admits the allegations in paragraph 105.

106. Denies the allegations in paragraph 106.

107. Denies the allegations in paragraph 107.

108. Denies the allegations in paragraph 108.

109. Denies the allegations in paragraph 109.

110. Realleges the contents of the preceding paragraphs as if set forth herein.

111. Admits the allegations in paragraph 111.

112. Denies the allegations in paragraph 112.

113. Denies the allegations in paragraph 113.

114. Denies the allegations in paragraph 114.

115. Denies the allegations in paragraph 115.

116. Realleges the contents of the preceding paragraphs as if set forth herein.

117. Denies the allegations in paragraph 117.

118. Denies the allegations in paragraph 118.

119. Denies the allegations in paragraph 119.

120. Denies the allegations in paragraph 120.

121. Denies the allegations in paragraph 121.

122. Denies the allegations in paragraph 122.

123. Denies the allegations in paragraph 123.

124. Denies the allegations in paragraph 124.

125. Denies the allegations in paragraph 125.

126. Denies the allegations in paragraph 126.

127. Denies the allegations in paragraph 127.

128. Realleges the contents of the preceding paragraphs as if set forth herein.

129. Denies the allegations in paragraph 129.

130. Denies the allegations in paragraph 130.

131. Denies the allegations in paragraph 131.

132. Denies the allegations in paragraph 132.

133. Realleges the contents of the preceding paragraphs as if set forth herein.

134. Denies the allegations in paragraph 134.

135. Denies the allegations in paragraph 135, except admits that paragraph 135 purports to set forth the relief Defendants seek.

136. Denies the allegations in paragraph 136.

137. Realleges the contents of the preceding paragraphs as if set forth herein.

138. Denies the allegations in paragraph 138.

139. Denies the allegations in paragraph 139.

140. Denies the allegations in paragraph 140.

## AFFIRMATIVE DEFENSES

Raptor reserves its right to amend or supplement these Affirmative Defenses as more information becomes available or additional affirmative defenses are discovered.

## FIRST AFFIRMATIVE DEFENSE

The Counterclaims fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Counterclaims are barred in whole or part by the doctrines of unclean hands and inequitable conduct.

### THIRD AFFIRMATIVE DEFENSE

The Counterclaims are barred in whole or part by the doctrine of accord and satisfaction.

### FOURTH AFFIRMATIVE DEFENSE

The Counterclaims are barred in whole or part by the doctrines of waiver, estoppel, and/or ratification.

### FIFTH AFFIRMATIVE DEFENSE

The Counterclaims are barred in whole or part by Defendants' inexcusable negligence.

### SIXTH AFFIRMATIVE DEFENSE

The Counterclaims are barred in whole or part by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants are not entitled to injunctive relief to the extent they have an adequate remedy at law.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants have waived any notice and attendance rights by failing to request participation in and/or by declining to participate in activities and/or meetings of the Board of Directors or the Stockholders of Raptor.

### NINTH AFFIRMATIVE DEFENSE

The Counterclaims are barred in whole or in part by the doctrine of mootness.

### TENTH AFFIRMATIVE DEFENSE

The Counterclaims are barred in whole or in part due to contractual terms and conditions.

## RELIEF REQUESTED

**WHEREFORE**, Raptor respectfully requests a judgment:

    a)    denying Defendants all relief requested in their Counterclaims and dismissing Defendants' Counterclaims with prejudice;

    b)    awarding Raptor its costs, expenses, and disbursements in this action, including its reasonable attorneys' fees; and

    c)    granting Raptor such other and further relief as the Court deems just and proper.

Dated: September 11, 2019

**ANDERSON KILL P.C.**

By: /s/ Jeffrey E. Glen
Jeffrey E. Glen, Esq.
Raymond A. Mascia Jr., Esq.
Ethan W. Middlebrooks, Esq.
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 278-1000
Facsimile: (212) 278-1733
E-mail: jglen@andersonkill.com
E-mail: rmascia@andersonkill.com
E-mail: emiddlebrooks@andersonkill.com

*Attorneys for Plaintiff Raptor Trading Systems, Inc.*