UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAPTOR TRADING SYSTEMS, INC.,

                    Plaintiff,

          v.

BETH, *et al.*,

                    Defendants.

WALLACH, *et al.*,

                    Plaintiffs,

          v.

LARDOS, *et al*.,

                    Defendants.

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:      9-22-20

16-CV-3430 (RA)

ORDER

16-CV-5392 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On October 4, 2019, the parties filed cross-motions for summary judgment in these two related actions.  Case No. 16-cv-3430 Dkt. 100, 104; Case No. 16-cv-5392 Dkt. 85, 89   That same date, the Raptor Parties[1] filed the declaration of Ethan W. Middlebrooks, to which 31 exhibits were attached. Case No. 16-cv-3430 Dkt. 102; Case No. 16-cv-5392 Dkt. 87.  On October 9, the Raptor Parties filed a motion to redact certain information contained in two of the 31 exhibits.  Case No. 16-cv-3430 Dkt. 115 (seeking to redact the name of a third-party in Exhibits A and Z of the Middlebrook Declaration); Case No. 16-cv-5392 Dkt. 100 (same).  On October 7, Wallach and Beth filed the declaration of

---

[1] The Court uses the phrase "Raptor Parties" to refer to Raptor Trading Systems, Inc., the plaintiffs in Case No. 16-cv-3430, as well as Raptor executives Theodoros Lardos, Mark Hinman, Nelson Ignacio, and Alejandro Gil, the defendants in Case No. 16-cv-5392.

Robert A. O'Hare, Jr., to which 77 exhibits were attached.  Case No. 16-cv-3430 Dkt. 114; Case No.

16-cv-5392 Dkt. 99.  Three days prior, they had filed a motion to redact certain information contained

in numerous of the 77 exhibits.  Case No. 16-cv-3430 Dkt. 112 (seeking to redact the name of a third-

party, the third-party's counsel, and certain financial information in several Exhibits of the O'Hare

Declaration); Case No. 16-cv-5392 Dkt. 97 (same).  The parties sent the complete, unredacted exhibits

to each other and the Court under separate cover.  The Court will now rule on the parties' motions to

seal.

The sealing requests are subject to the test set forth in *Lugosch v. Pyramid Co. of Onondaga*,

435 F.3d 110 (2d Cir. 2006).  That test requires the Court to first determine whether the documents at

issue are "judicial documents" by examining whether they are "relevant to the performance of the

judicial function and useful in the judicial process."  *United States v. Erie Cnty.*, 763 F.3d 235, 239 (2d

Cir. 2014). If the documents are judicial documents, then a common law presumption of access

attaches, and the Court must then consider the weight of that presumption against any "competing

considerations."  *Lugosch*, 435 F.3d at 119–120.  The Court considers each of the exhibits at issue here

to be judicial documents because they were submitted in connection with the parties' cross motions for

summary judgment.  *See Aulistar Mark v. Gawker Media LLC*, 2015 WL 7288641, at *2 (S.D.N.Y.

Nov. 16, 2015) (holding that documents submitted in support of a summary judgment motion are

judicial documents because summary judgment  is an adjudication).  Thus, exhibits are entitled to a

strong presumption of access.

The Court nevertheless grants the parties' proposed redactions.  The parties seek to redact from

these exhibits only "the name of the potential third-party purchaser of Raptor Trading Systems, Inc.

and the name of the purchaser's counsel," as well as "information regarding the specific financial

terms of the proposed sale."  Case No. 16-cv-3430 Dkt. 112; Case No. 16-cv-5392 Dkt. 97.  The Court

finds that Raptor's business interest in maintaining the confidentiality of the name of a potential third-

party purchaser, as well as the details of the proposed sale, sufficient to rebut the common-law

presumption of access.  *See Cohen v. Gerson Lehrman Grp., Inc.*, 2011 WL 4336679, at *2 (S.D.N.Y.

Sept. 15, 2011) (permitting sealing of individual contact information of non-party clients of plaintiff).

       Accordingly, it is hereby:

       ORDERED that the parties' request to redact the proposed portions of the exhibits filed in

conjunction with their cross motions for summary judgment is GRANTED. The Court will file under

seal the unredacted versions of those documents.

       The Clerk of Court is respectfully directed to terminate the motions pending at Dkt. 112 and Dkt.

115  in Case No. 16-cv-3430 and at Dkt. 97 and Dkt. 100 in Case No. 16-cv-5392.

SO ORDERED.

Dated:    September 22, 2020
         New York, New York

                    RONNIE ABRAMS
                    United States District Judge